MANUEL MÉNDEZ RÍOS ET AL., Plaintiffs and Appellees, *v.* FULGENCIO PIÑERO RODRÍGUEZ ET AL., Defendants and Appellants.

No. 5685.   Argued March 21, 1932.—Decided March 24, 1932.

*F. Piñero* and *J. Valldejuli* for appellants.   *A. Aponte* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellees moved for a dismissal of the appeal taken in this case, and after a hearing the motion was denied (*ante,* p. 80). The appellees then filed a petition for reconsideration of the order of this Court. A rehearing was granted and the petition was set for hearing on the 21st of this instant March.

The order of this Court denying the motion to dismiss was based on an opinion, the last paragraph of which reads as follows:

"Nor is there any doubt that the seven extensions of 30 days each, which were requested for the filing of the brief were unnecessary, inasmuch as from an examination of the brief finally filed it appears that the same could easily have been prepared within the prescribed period without the necessity of any enlargement thereof. But this is not enough, if as happens in the present case, after examining the brief in connection with the transcript filed it appears that the error assigned is not without merit and that there is sufficient ground on which to base a decision."

The appellees have convinced us that really there is not sufficient basis in the record for deciding the appeal on the merits. Hence the rehearing granted and the dismissal now decreed.

The certificate of the transcript filed in this Court reads as follows:

"We, Arturo Aponte and Fulgencio Piñero Rodríguez, counsel for the parties in the present case.

"Do HEREBY CERTIFY: That the foregoing is a true and faithful copy of the papers forming the judgment roll, the notice of appeal, and the service thereof, and for the purpose of its transmission to the Supreme Court of Puerto Rico by virtue of the appeal taken by the defendants from the judgment of this court, we sign the present certificate at Humacao, P. R., this 27th day of April 1931."

The only error assigned by the appellants is that the court denied the motion for a continuance and tried the case without their appearance. It is recited in the above certificate that the papers sent up constitute the judgment roll. When inquiring into the fact of the continuance, we find the following from the minutes:

"On this, the 8th of January, 1931, the day set in the calendar for the trial of this case, there appeared the plaintiffs personally and through their attorney, Arturo Aponte. The defendants failed to

appear either in person or through counsel, notwithstanding the fact that they had been called by the marshal. Thereupon the clerk reported a motion for a continuance filed on this day by Attorney Fulgencio Piñero on the ground of his illness, said motion being accompanied by a sworn medical certificate. Counsel for plaintiff opposed the motion for a continuance because the same had not been filed in due time and in proper form. The court denied the motion. The trial of the case was proceeded with, the pleadings were read, and, the evidence for the plaintiffs having been heard, the court took the case under advisement.''

Nothing more appears. The appellees maintain, and correctly so, in our opinion, that this is not sufficient because a bill of exceptions or a statement of the case should have been prepared, since the grounds of opposition were a proper matter for the stenographic record. Said grounds are not before us and, therefore, we are not in the same position as was the lower court for determining the question passed upon by the latter, whose decision is challenged by virtue of the appeal taken.

The case of *Haraszthy* v. *Horton*, 46 Cal. 545, cited by the appellees, is regarded as fully applicable when what is said therein regarding the bill of exceptions is made extensive to a statement of the case and to a transcript of the evidence. There it was held that—

"An appeal does not lie from an order denying a continuance.

"An order denying a continuance cannot be reviewed through an appeal from the judgment, unless there is a bill of exceptions.

"An extract from the minutes of the Clerk, signed by the Judge in the course of the proceedings from day to day, is not a bill of exceptions.

"A bill of exceptions to an order denying a continuance, is not sufficient to present the alleged error in denying the continuance, unless it contains the affidavits used on the hearing of the motion.''

In *Gandía* v. *Stubbe*, 30 P.R.R. 104, invoked by the appellants, there was a statement of the case.

The appeal must be dismissed.